

January 2, 2018

**Via ECF**
The Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *State Farm Mut. Auto. Ins. Co., et al. v. Boris Ripa, M.D., et al.,*
             **Case No. 17-cv-03202**

Dear Magistrate Judge Scanlon:

       My firm, Kravet & Vogel, LLP, represents the defendants in the above-referenced matter.[1] I respectfully write this letter regarding a Notice of Intent to Serve Subpoenas that was served by plaintiffs on November 15, 2017. A copy, along with the subject subpoenas, is annexed hereto as Exhibit A. Although plaintiffs have not yet served the intended subpoenas, but have noticed their intent to do so and provided copies of such, we respectfully request that the Court treat this letter as a Letter Motion to Quash and for a Protective Order.

       Specifically, plaintiffs have indicated their intent to serve the following four (4) subpoenas *duces tecum*: (i) to TD Bank, N.A. seeking extensive banking records from all of the defendants, (ii) to J.P. Morgan Chase Bank, U.S.A. N.A., which also seeks extensive banking records from all of the defendants, (iii) to Koifman CPA & Associates seeking all accounting, tax, and bookkeeping records for defendants Serge Chiropractic Services, P.C. and Galina Groysman, D.C., and (iv) to Yevgeny Pisarevsky, CPA seeking all accounting, tax, and bookkeeping records for defendants Boris Ripa, M.D. and All Healthy Style Medical P.C.

       It is defendants' position – as has been discussed with plaintiffs' counsel – that all of the subpoenas are improper, as they seek discovery that is wholly irrelevant to the allegations set forth in the complaint.

       There is simply no basis for plaintiffs' seeking financial discovery of the defendants. The crux of the allegations in the complaint is that the defendants used pre-determined treatment protocols to provide the same medical treatment to patients regardless of their actual medical condition. Indeed, the entire complaint – and every cause of action alleged – is based solely on

---

[1] This case was initially assigned to Magistrate Judge Kuo and Judge Kuntz. Because a related matter (State Farm v. Lefferts, et al., Case No. 17-cv-3200) was pending before Your Honor and Judge Garaufis, however, this matter was transferred pursuant to an Order dated November 17, 2017.

allegations of defendants' having carried out the alleged pre-determined treatment protocols and then having submitted false claims for reimbursement to State Farm.

Significantly, there is no claim for violation of *Mallela*[2], no violation of RICO alleged, no allegations of improper fee splitting, improper kick-backs, or any other claim that would make the discovery of defendants' financial records relevant. Nor are financial records relevant to the damages claimed by plaintiffs, since plaintiffs seek only disgorgement of money previously paid by them to defendants – an amount that is already known to plaintiffs – and a declaration that they (plaintiffs) need not pay any additional moneys.

Moreover, the scope of the subpoenas is entirely too broad. Not only do they have no time limit,[3] they also seek too broad a scope of documents. The financial institution subpoenas seek a laundry list of documents including <u>all</u> transaction statements (including documents reflecting wire and electronic funds transfers), cancelled checks, account formation documents, loan documents, and correspondence between the bank and the account holder. The subpoenas to the accountants seek "<u>any and all</u> accounting records, tax records, and bookkeeping records."

Plaintiffs have not – and cannot – articulate a claim they have asserted against defendants that necessitates this kind of financial fishing expedition. Indeed, that is precisely what this is – a fishing expedition – that plaintiffs are using to potentially broaden the claims they have alleged against defendants, and to harass and intimidate defendants – not to provide relevant information regarding the complaint that plaintiffs filed.

The law is clear in this District that the issuer of a third-party subpoena must demonstrate the relevance of the information being sought. Indeed, plaintiffs' burden is to show both that the information sought is relevant and material to the allegations and claims in the complaint *and* that the request is proportional to the needs of the case. *See Sky Medical Supply Inc. v. SCS Support Claim Services, Inc.*, 2017 WL 1133349 *3 (E.D.N.Y. March 24, 2017). Here, the subpoenas proposed by plaintiffs fail to meet either requirement.

---

[2] In defense of their subpoenas, plaintiffs will point to certain allegations against defendant Rita Vayman, claiming that they are Mallela allegations which support financial discovery of defendants. (*See* Complaint ¶31). But these allegations offer no support for plaintiffs. First of all, plaintiffs' allegations are vague and hedging, alleging only that "Ripa *apparently* permitted Vayman, *and possibly other laypersons*, to use his name to implement and carry out the no-fault billing scheme described herein." (*Id.*) (emphasis added). These allegations support only plaintiffs' claim of a fraudulent treatment protocol – not a Mallela violation. Indeed, nowhere is it alleged that any defendant was fraudulently incorporated in violation of *Mallela*. Moreover, the complaint sets forth no cause of action for violation of *Mallela*. The causes of action all pertain to the alleged fraudulent treatment protocol, with <u>no</u> allegation of fraudulent incorporation on the part of any defendant.

[3] During the parties' good faith attempts to resolve this dispute, plaintiffs' counsel offered to limit the scope of time of the subpoenas to the relevant dates in the complaint. Plaintiffs' counsel also offered to serve only the subpoenas upon Chase Bank and TD Bank, but reserved the right to seek further financial discovery if anything was discovered through those subpoenas. Since no aspect of any of the proposed subpoenas is proper, defendants rejected that proposal.

Simply put, plaintiffs cannot, in good faith, point to any portion of the complaint to which these subpoenas are relevant, nor can they argue in good faith that the subpoenas are tailored to the proportional needs of the case. Accordingly, defendants respectfully request that the Court quash the subpoenas that plaintiff has indicated its intention to serve. If the Court intends to allow any portion of the subpoenas, defendants request a protective order limiting the scope of the subpoenas in time and content.

Respectfully submitted,

s/
Maria E. Rodi


Encl. (Exhibit A)

Cc: Matthew Moroney, Esq., *by ECF*