# Exhibit "B"

```
                                                                     1

 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2

 3   - - - - - - - - - - - - - - - X

 4   STATE FARM MUTUAL AUTOMOBILE   :
     INSURANCE COMPANY, et al.,         17-CV-3200(NGG)
 5
              Plaintiffs,           :
 6
              -against-             :   United States Courthouse
 7                                      Brooklyn, New York
     LEFFERTS MEDICINE, P.C.,       :
 8   et al.,
                                        December 12, 2017
 9            Defendants.           :   5:00 O'clock p.m.

10   - - - - - - - - - - - - - - - X

11
                  TRANSCRIPT OF PRE-MOTION CONFERENCE
12            BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
                    UNITED STATES DISTRICT JUDGE.
13

14   APPEARANCES:

15
     For the Plaintiffs:             GOLDBERG, MILLER & RUBIN, P.C.
16                                   121 S Broad Street, Suite 1600
                                     Philadelphia, PA 19107
17
                                     BY: MATTHEW A. MORONEY, ESQ.
18                                       RICHARD M. CASTAGNA, ESQ.

19

20   For Defts. Lefferts Medicine,
     Dr. Zhigang, Dr. Groysman,
21   Dohor Chiropractic Services,
     and C. Jamron:                  KAPLAN, KRAVET & VOGEL, P.C.
22                                   630 Third Avenue, Fifth Floor
                                     New York, NY 10017
23
                                     BY: DONALD J. KRAVET, ESQ.
24                                       MARIA ELIZABETH RODI, ESQ.

25


              CMH      OCR     RMR     CRR     FCRR
```

```
                                                                    2

 1   APPEARANCES:  (Continued)

 2   For Defts. I Muchnik and
     Lida's Medical Supply, Inc.:    ABRAMS, FENSTERMAN,
 3                                   FENSTERMAN, EISMAN, FORMATO,
                                     FERRARA & WOLF, LLP
 4                                   1 MetroTech Center, Suite 1701
                                     Brooklyn, NY 11201
 5
                                     BY:  MARK L. FURMAN, ESQ.
 6
     Court Reporter:                 Charleane M. Heading
 7                                   225 Cadman Plaza East
                                     Brooklyn, New York
 8                                   (718) 613-2643

 9   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
10

11
                        *     *     *     *     *
12

13             THE CLERK:  Civil cause for a pre-motion conference.

14        Counsel, state your appearances, please.

15             THE COURT:  For plaintiff?

16             MR. MORONEY:  Good afternoon, Your Honor.  Matthew

17   Moroney for the two State Farm companies.

18             THE COURT:  State Farm.  Did I tell you that I am

19   insured by State Farm on my car, and do you all want a

20   different judge?

21             MS. RODI:  We're fine with it, Your Honor.

22             THE COURT:  It didn't work the last time either.

23             MR. CASTAGNA:  I'm Richard Castagna also for State

24   Farm, Your Honor.

25             THE COURT:  Thank you for coming.
```

CMH        OCR        RMR        CRR        FCRR

3

1        MS. RODI:  Good evening, Your Honor.  Maria Rodi
2   from Kaplan, Kravet & Vogel for --
3        THE COURT:  There are a lot of people.
4        MS. RODI:  -- all of the defendants except for
5   Inessa Muchnik and Lida's Medical Supply, Inc.
6        MR. KRAVET:  Good evening, Your Honor.  Donald
7   Kravet also with Kaplan, Kravet & Vogel, same parties.
8        THE COURT:  I see.
9        MR. FURMAN:  And Mark Furman for Ms. Muchnik and
10  Lida's Medical Supply.
11       THE COURT:  So everyone who is in this case is
12  represented here today?
13       MR. FURMAN:  Yes.
14       MS. RODI:  Yes.
15       THE COURT:  Thank you for coming.
16       Now, the plaintiffs which are basically the same
17  company, I mean, they are two different aspects of the same
18  company, both State Farm?
19       MR. MORONEY:  Yes, Your Honor.
20       THE COURT:  Yes.  And, basically, the State Farm is
21  suing the defendants, in effect, for fraud.  Is that basically
22  correct?
23       MR. MORONEY:  Yes, Your Honor.
24       THE COURT:  Okay.  And the claim is that the
25  defendants engaged in fraudulent billing.  Is that the meat of

4

1  the case?
2             MR. MORONEY:  Yes.
3             THE COURT:  Okay.  So where are we?  This case was
4  brought this year.  Has there been any discovery here?
5             MR. MORONEY:  There was a preliminary conference
6  with Magistrate Judge Scanlon, Your Honor.
7             THE COURT:  Okay.
8             MR. MORONEY:  And there was a discovery plan
9  initiated and the parties did exchange their Rule 26
10 disclosures.
11            THE COURT:  Okay.  And so that is as far as we have
12 gotten?
13            MR. MORONEY:  Yes, Your Honor.
14            THE COURT:  Right.  So you have asked for this
15 meeting, right?
16            MR. MORONEY:  It was actually initially the
17 defendants who asked for it, Your Honor.
18            THE COURT:  Oh, so tell me what is your wish here
19 today?
20            MS. RODI:  Your Honor, we are asking to set a
21 briefing schedule.
22            THE COURT:  On what?
23            MS. RODI:  So the defendant can make a 12(b)(6)
24 motion to dismiss and also a motion to compel arbitration.
25            THE COURT:  And the motion to compel arbitration is

5

1  based on the contract?
2          MS. RODI:  Yes, the insurance policy has an
3  arbitration provision.
4          THE COURT:  Well, you know how the appellate courts
5  feel about arbitration, they are totally enamored of it.  Why
6  wouldn't arbitration be the appropriate modality of resolution
7  here?
8          MR. MORONEY:  Your Honor, this is primarily a
9  claw-back damages case and not claims that are outstanding.
10 Almost all the claims were paid.  It's State Farm's desire or
11 goal in the case is to recover the money that was paid.  There
12 are some claims at the back end when the fraud scheme was
13 detected in terms of claims not paid but, primarily, this is a
14 claw-back claim.
15         In terms of for those few claims that are
16 outstanding, the case law is pretty clear that while there is
17 a right to compel arbitration, that right can be stayed
18 pending the affirmative fraud case.  The cases generally say
19 that a stay of the right to compel arbitration and a stay to
20 compel any arbitrations that are outstanding are the most
21 appropriate solution in order to avoid a large volume of
22 arbitrations and inconsistent judgments that gradually end up
23 in a procedural and substantive train wreck.  So you have all
24 these underlying claims that have res judicata affect, things
25 like that.  The District Court who handles the large fraud

6

1  case has the ability to delay those or stay those
2  arbitrations.
3              THE COURT:  So you are saying that the greater
4  number or value of the claims that you are suing on have
5  already been paid?
6              MR. MORONEY:  Yes, Your Honor.
7              THE COURT:  And you are seeking to have funds
8  returned to the plaintiff from the defendants based on the
9  defendants having fraudulently sought compensation for these
10 claims?
11             MR. MORONEY:  Yes, Your Honor.
12             THE COURT:  And there has not been any substantial
13 discovery here, has there?
14             MR. MORONEY:  That's correct, Your Honor.
15             THE COURT:  So, in the case involving allegations of
16 fraud, why would a 12(b) motion be the appropriate step at
17 this point rather than putting some discovery on the table?
18             MS. RODI:  Your Honor, for a few reasons.
19             The complaint is in federal court because they've
20 aggregated, State Farm has cherry-picked 70 patients that
21 received treatment by the defendant providers for minor
22 automobile accidents under the no-fault law.  I honestly don't
23 know how many, total, the providers have treated from State
24 Farm, but State Farm chose 70 particular patients, aggregated
25 them together in this complaint and said, oh, there's a common

1  plan here, they actually have a common protocol, they're
2  receiving unnecessary treatment because they all get the same
3  thing, here's some charts, and we'll show you how similar it
4  is, and there's just no basis for it.  They don't plead
5  anything in particular as required for a fraudulent scheme.
6         Magistrate Judge Scanlon actually was very skeptical
7  during the initial conference we had.  She actually urged the
8  plaintiff to replead the complaint and they did.  They filed
9  an amended complaint because Magistrate Judge Scanlon said
10 that there was just simply no evidence of any acts in concert,
11 there's no conspiracy here, there's no reason why these
12 defendants are all in the same action except for they all ran
13 medical practices out the same building.  They all treat
14 victims of minor car accidents.  These are people who
15 generally have similar injuries and receive similar treatment
16 and that's the crux of the complaint.
17        This isn't a <u>Mallela</u> issue which I'm sure Your Honor
18 is aware of.  This isn't even like other fraud cases where
19 I've seen where it's been alleged that what was done
20 physically can't happen, two tests are similar between two
21 patients and a physically possibility the doctor says.  This
22 is State Farm, without any actual medical evidence, just the
23 say-so, saying the treatment of these particular 70 people
24 that we culled from all of the patients that were treated,
25 they're treatment is similar so they must be, the defendants

8

1 must be acting in concert, there must be a fraud.
2 THE COURT: Isn't that why we need discovery here to
3 sort that out before there's motion practice?
4 MS. RODI: Well, Your Honor, these cases as
5 plaintiff's counsel acknowledged, many of these cases were
6 already litigated through state court or they were paid and
7 State Farm have has a lot of resources.
8 THE COURT: Litigation in state court is the
9 criterion upon which to decide a fraud claim? I don't know
10 about that. I've been in state court. I wasn't born
11 yesterday. I used to practice law in state court. It's a
12 wholesale business. You've got judges who have 200 cases on
13 their calendar in the relevant part and they're moving paper.
14 They're not moving, you know, they're moving paper and it's a
15 very hard job. I don't deprecate them. I worship them for
16 being able to do this, but it's not exactly -- it would be
17 very difficult for them to do any kind of inquiry as to fraud
18 in whatever part that is, whatever part we're talking about in
19 the state court. There's one part. Look, go look at the Law
20 Journal. All you need to do is look at the Law Journal.
21 Here's the thing. You may be right, I am not saying
22 you're wrong, but I'm saying that it may be premature but if
23 you want to make a motion to dismiss or to apply for a finding
24 that arbitration is appropriate, I am going to let you do it,
25 but I am not going to stay discovery. You are going to have

9

1  your discovery because I have a very strong suspicion that
2  this needs to be vetted in discovery.
3           So, please advise the Magistrate Judge that
4  discovery is not stayed.
5           When would you like to make your motion?
6           MS. RODI:  Your Honor, if I may, excuse me,
7  plaintiff also is seeking relief in a motion.  They're
8  actually seeking an injunction or seeking to make a motion for
9  an injunction.
10          THE COURT:  Enjoining what?
11          MR. MORONEY:  That is correct, Your Honor.
12          THE COURT:  What do you want to enjoin?
13          MR. MORONEY:  Well, there are about 20 or so of
14 those claims --
15          THE COURT:  I thought you said it was the other side
16 that wanted this meeting.  You wanted it too, right?  You want
17 to make a motion for a preliminary injunction.
18          MR. MORONEY:  Yes, Your Honor.
19          THE COURT:  So everybody is here for something.
20          MR. MORONEY:  Yes, Your Honor, that's right.
21          THE COURT:  I just knew that you were here for
22 something because my clerk told me that.  I'm on trial with a
23 Mann Act trial and I am sort of focused on that, but I do have
24 a memo and I have read it.
25          Okay.  So you want to make a motion too?

10

```
1                MR. MORONEY:  Yes, Your Honor.
2                THE COURT:  Do you want a hearing?
3                MR. MORONEY:  If Your Honor so requires it.
4                THE COURT:  Well, I am not going to grant a motion
5    for a preliminary injunction without a hearing.  I may refer
6    it to the Magistrate Judge for a hearing.
7                So, why don't you make your motion for a preliminary
8    injunction, you make your motion to dismiss, we will sort it
9    out and we'll see where we go from here.
10               Yes, did you want to say something?
11               MR. FURMAN:  I was just asking counsel if she
12   thought that mid-January would be sufficient time for her.
13               THE COURT:  Well, tell me what you have in mind.
14               MS. RODI:  That sounds good.
15               THE COURT:  Mid-January for a motion?
16               How about you?
17               MR. MORONEY:  That's fine, Your Honor.
18               THE COURT:  Okay.  Let's do it.  I thank you for
19   coming in at the end of the day.
20               MR. CASTAGNA:  Not a problem.
21               THE COURT:  I am on trial.  Otherwise, we would have
22   to postpone it even further which I did not want to do.
23               How about dueling motions are due on Friday
24   January 19th?
25               MR. FURMAN:  That sounds acceptable.
```

CMH     OCR     RMR     CRR     FCRR

```
 1              THE COURT:  And responses --
 2              MS. RODI:  Your Honor, I apologize.  I'll actually
 3   be engaged in the Eastern District of Pennsylvania in a
 4   settlement conference all day that day.
 5              THE COURT:  Well, that's the day it's due.
 6              MS. RODI:  I might not have the opportunity to file.
 7   Could we just have until that Monday?
 8              THE COURT:  Yes, sure.
 9              MS. RODI:  I appreciate that.
10              THE COURT:  That's Monday, January 22nd.  How is
11   that for the motions?
12              MS. RODI:  That's fine.
13              THE COURT:  And then a month later for the
14   responses?
15              MR. MORONEY:  Yes, Your Honor.  That's fine.  Thank
16   you.
17              THE COURT:  And Monday, February 19th.  Then I will
18   take them on submission.  If we need to have oral argument, I
19   will let you know.  And I am not staying discovery while we do
20   it.
21              I think maybe you ought to try to settle this case
22   but that's up to you.  If you need the Magistrate Judge to
23   help you, she is very good at it.  Please feel free to avail
24   yourselves of her expert services.
25              MS. RODI:  Your Honor, just one last matter.  There
```

12

1  is a companion case or a related case that was just
2  transferred to Your Honor.
3              THE COURT:  Oh, really?
4              MS. RODI:  And it's sort of in limbo right now.
5              THE COURT:  It's in limbo?  Well, when was this
6  transferred to me?
7              MR. MORONEY:  Just recently.
8              MS. RODI:  A couple of weeks ago.
9              THE COURT:  Did you bring that case?
10             MR. MORONEY:  Yes, State Farm.  We're attorney of
11 record for State Farm on the case.
12             THE COURT:  No, I know that.  So you have a second
13 case that's now my case?
14             MR. CASTAGNA:  That's what we've been told.
15             MR. MORONEY:  Yes, it's true.
16             THE COURT:  Who had that case?  Who was it assigned
17 to originally?
18             MR. MORONEY:  It was with Magistrate Peggy --
19             THE COURT:  Kuo.  The District Judge, who was the
20 District Judge?
21             THE LAW CLERK:  Judge Kuntz.
22             THE COURT:  Judge Kuntz.
23             MR. MORONEY:  So we went to the initial conference
24 in that, Your Honor.
25             THE COURT:  Yes.

13

1    MR. MORONEY:  Both cases were filed at the same
2 time.
3    THE COURT:  I think that Judge Scanlon and I now
4 have both cases, right?
5    MR. MORONEY:  That's right, because there's
6 certain --
7    THE COURT:  Congruity.
8    MR. MORONEY:  Congruent facts.
9    THE COURT:  Right.  So what does that have to do
10 with the motion?
11    Do you want to make motions in that case too?
12    MS. RODI:  We will be seeking motions in that case.
13 It's almost an identical complaint.
14    THE COURT:  Well, why don't you make the motions at
15 the same time?
16    MS. RODI:  That's fine.
17    THE COURT:  You'll want an injunction in that one
18 too, won't you, maybe?
19    MR. MORONEY:  Potentially, but I don't think there's
20 any outstanding claims, Your Honor, in that case so, frankly,
21 I don't think there's any need for it.
22    THE COURT:  There are no open claims in that case.
23    MR. MORONEY:  Absolutely.  That's what I'm trying to
24 say.
25    THE COURT:  So why don't you merge the two sets of

14

1  cases for purposes of motion practice and make your motions in
2  that case at the same time as you make the motions in this
3  case.
4           MS. RODI:  Thank you, Your Honor.
5           THE COURT:  I think that's sufficient.
6           MS. RODI:  Sure.
7           MR. MORONEY:  Yes.
8           THE COURT:  Okay.  Anything else?
9           MS. RODI:  No.
10          MR. MORONEY:  No, Your Honor.
11          MR. CASTAGNA:  Thank you.
12          THE COURT:  Where is your event on the 19th of
13 January, Pennsylvania?
14          MS. RODI:  It's in Easton, PA.
15          THE COURT:  Easton?
16          MS. RODI:  It's a branch of the Eastern District.
17          THE COURT:  Of Pennsylvania?
18          MS. RODI:  Yes.
19          THE COURT:  In the winter?  Have a good trip.
20          MR. MORONEY:  Thank you.
21          THE COURT:  Okay.  I think that will at least be a
22 more efficient way of handling it.  Thanks for bringing it to
23 my attention.
24          If the Court rules that there is some justification
25 for considering a preliminary injunction, there would probably

15

1  have to be an evidentiary hearing and that might be before
2  Judge Scanlon so I will let you know.
3          MS. RODI:  Okay.
4          THE COURT:  Thank you for coming in.
5          MR. MORONEY:  Thank you, Your Honor.
6          THE COURT:  Have a good holiday.
7          (Matter concluded.)
8
9
10                  *    *    *    *    *
11
12
13  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
14
15      /s/ Charleane M. Heading           January 11, 2018
16         CHARLEANE M. HEADING                    DATE
17
18
19
20
21
22
23
24
25

CMH     OCR     RMR     CRR     FCRR